UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Miller & Schroeder Investment Corporation, a Minnesota Corporation,

Plaintiff,

v.

President R.C. – St. Regis Management Company, a New York General Partnership, and St. Regis Mohawk Tribe,

Defendants.

Court File No. 00-CV-2244 (DSD/FLN)

**STIPULATION AND PROTECTIVE ORDER**

---

**PROTECTIVE ORDER**

The parties being engaged in discovery pursuant to the Federal Rules of Civil Procedure that may require the disclosure of information which is confidential and proprietary and that should be protected under Federal Rule of Civil Procedure 26(c).

IT IS HEREBY AGREED AND ORDERED as follows:

**SCOPE AND IMPLEMENTATION OF THE PROTECTIVE ORDER**

1. This Stipulation and Protective Order ("PROTECTIVE ORDER") will govern the handling and dissemination of all documents, materials, things (collectively, "DOCUMENTS"), and information produced or disclosed in any manner in the course of any discovery in this action and all DOCUMENTS and other forms of recorded information containing information obtained or derived from any such DOCUMENTS or information.

2. No DOCUMENTS or information produced or disclosed pursuant to this PROTECTIVE ORDER may be used by the receiving party for any reason other than the

APR 03 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

prosecution or defense of claims in, or the settlement of, the present civil action known as *Miller & Schroeder Investment Corporation v. President R.C. – St. Regis Management Company, et al.*, Court File No. 00-CV-2244 (DSD/FLN) (the "CIVIL ACTION"). Such DOCUMENTS and other information shall not be used for any business or commercial purpose. Unauthorized disclosure of information extracted from documents or deposition testimony designated CONFIDENTIAL is prohibited.

3. This PROTECTIVE ORDER will be considered in full effect and binding on all parties until the PROTECTIVE ORDER is submitted for judicial review and approval.

**DESIGNATION OF CONFIDENTIAL INFORMATION**

4. Confidential Information ("CONFIDENTIAL INFORMATION") is information which a party reasonably and in good faith believes is confidential information, which it would not normally reveal to others unless such others would maintain it in confidence. It means documents (including, but not limited to, answers to interrogatories) and deposition testimony that the party producing the DOCUMENT or disclosing the information ("PRODUCING PARTY'') designates CONFIDENTIAL INFORMATION.

5. A party may properly designate as CONFIDENTIAL INFORMATION any document or deposition testimony that constitutes or discloses information which has commercial or competitive value and that is not readily ascertainable through proper means, including but not limited to, competitively sensitive commercial or financial information. All copies, abstracts, excerpts, analyses, or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated CONFIDENTIAL INFORMATION shall also be deemed CONFIDENTIAL INFORMATION.

6. In designating documents and deposition testimony as CONFIDENTIAL INFORMATION, the parties shall in good faith apply those designations only to material that meets the description in paragraphs 4-5 for CONFIDENTIAL INFORMATION.

7. Prior to the production of any DOCUMENT containing, or the written disclosure of any information comprising, CONFIDENTIAL INFORMATION, the PRODUCING PARTY shall mark each page containing such CONFIDENTIAL INFORMATION with a legend substantially in the following form(s): **"CONFIDENTIAL," "CONFIDENTIAL INFORMATION," "USE RESTRICTED BY COURT ORDER - CONFIDENTIAL MATERIAL.**" Deposition transcripts shall be treated as CONFIDENTIAL for a period of 30 days after receipt of the transcript, after which they shall be released from such status unless a party claiming confidentiality for portions of the transcript has notified the other parties of the portion of the testimony for which such treatment is sought within the thirty (30) days, has marked each page of the transcript which contains CONFIDENTIAL INFORMATION with such a legend and has delivered the pages to all other parties. With regard to produced non-written materials, such as recordings, magnetic media, photographs and things, containing CONFIDENTIAL INFORMATION the legend shall be affixed to the material, or a container for it at the time of production.

8. A party may designate as CONFIDENTIAL INFORMATION documents in the hands of a third party, or the deposition testimony of the third party, if the third party is under an obligation, by contract or law, not to disclose such documents or deposition testimony without the prior consent of the PRODUCING PARTY.

9. CONFIDENTIAL INFORMATION shall not be given, shown, made available, or communicated in any way to anyone other than those persons described in paragraph 10.

**DISCLOSURE OR USE OF CONFIDENTIAL INFORMATION**

10. The party to whom CONFIDENTIAL INFORMATION is produced may only disclose, summarize, describe, reveal or otherwise make available the CONFIDENTIAL INFORMATION, in whole or in part, only in accordance with the terms of this PROTECTIVE ORDER, and only to the following persons:

a. the attorneys of record in this CIVIL ACTION, the immediate secretarial, paralegal, and clerical staffs of each of them;

b. other employees of the parties to this action, including in-house counsel, having reasonable need of access to the information to assist the attorneys in representation of the parties;

c. the Court, provided the CONFIDENTIAL INFORMATION is filed under seal;

d. deposition and trial witnesses and court reporters;

c. graphics or design consultants retained by counsel of record for the purpose of preparing demonstrative or other exhibits for use in this CIVIL ACTION;

f. photocopy, document imaging and database services retained by counsel and consultants retained by such

counsel to set up, maintain and/or operate databases for use in connection with this CIVIL ACTION; and

g. the persons listed below, provided that they first fully execute an exact copy of the document entitled "DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION," which is attached as Exhibit A hereto:

1. the independent experts, consultants or persons or firms engaged and retained to assist counsel of record in the conduct, preparation, or trial of this CIVIL ACTION, who are not competitors of the parties.

h. any actual or potential witnesses or deponents and their counsel, during the course of or, to the extent necessary in preparation for, deposition or trial testimony in this CIVIL ACTION, or to the extent necessary to determine whether they are proper deponents or witnesses in this CIVIL ACTION; and

i. The parties and representatives of the parties.

11. Nothing herein shall bar or otherwise restrict any attorney, who is a qualified recipient under the terms of Paragraph 11 hereof, from rendering advice to his or her client with respect to this action, and in the course thereof, from generally relying upon his or her examination of CONFIDENTIAL INFORMATION; provided that, in rendering such advice or otherwise communicating with the client the attorney shall not disclose the specific content of

any CONFIDENTIAL INFORMATION of another person or party where such disclosure would not otherwise be permitted under the terms of this PROTECTIVE ORDER.

12. Notice/Marking. To invoke protection under this PROTECTIVE ORDER, the PRODUCING PARTY shall provide appropriate notice that documents or deposition testimony have been designated CONFIDENTIAL INFORMATION. Documents and deposition testimony designated CONFIDENTIAL INFORMATION shall be conspicuously marked pursuant to the instructions of paragraph 7. It shall be the duty of the PRODUCING PARTY to provide such notice to the RECEIVING PARTY concerning the documents and testimony to be considered as CONFIDENTIAL INFORMATION. No document or deposition testimony shall be deemed protected under this PROTECTIVE ORDER unless it has been properly marked, except as stated in paragraph 7. It shall be the duty of the RECEIVING PARTY to comply with this PROTECTIVE ORDER from the time of such notice.

13. Depositions. All testimony taken by way of deposition in this case, whether by subpoena or notice of taking deposition, will be subject to the terms of this PROTECTIVE ORDER. Testimony given at any deposition may be designated as CONFIDENTIAL INFORMATION by indicating on the record that the testimony is CONFIDENTIAL INFORMATION and subject to the provisions of this PROTECTIVE ORDER. Additionally, specific information in a deposition transcript may be identified by written description, specifying the page and line number that is to be designated as CONFIDENTIAL INFORMATION according to paragraph 5 and sent to the opposing party within thirty (30) days after receipt of the transcript, during which 30 days the entire transcript shall be treated as CONFIDENTIAL. The cover and each page of a deposition transcript containing

CONFIDENTIAL testimony shall be marked as required by this PROTECTIVE ORDER. Counsel for the PRODUCING PARTY may also request that all persons other than the witness, the court reporter or reporters, counsel, and those individuals specified in paragraph 11 hereof, leave the deposition room during the portion of the deposition which inquires into matters deemed by the PRODUCING PARTY. Counsel for any party receiving a copy of a deposition transcript shall be responsible for marking the copy as required by this PROTECTIVE ORDER.

**OBJECTIONS TO CONFIDENTIAL DESIGNATIONS**

14. If any party objects to any CONFIDENTIAL INFORMATION designation and the parties are unable to resolve such objection, the objecting party may move the Court for an Order declaring that the information so designated is not entitled to protection pursuant to Rule 26 and/or Minnesota law. The party asserting Confidentiality will have the burden of proving that the information in question is entitled to protection under Rule 26 and/or Minnesota law. During the pendency of such motion, and until determination on the merits has been made by the Court, the material claimed to be CONFIDENTIAL INFORMATION shall continue to be treated as if such designation is appropriate under the terms of this PROTECTIVE ORDER.

15. The parties are not obliged to challenge the designation of any CONFIDENTIAL INFORMATION at the time of receipt, disclosure, or designation thereof, and a failure to do so is without prejudice and shall not preclude a subsequent challenge

**INADVERTENT PRODUCTION OF CONFIDENTIAL INFORMATION**

16. Inadvertent failure to designate any material or information which a PRODUCING PARTY later claims should be designated CONFIDENTIAL INFORMATION will not be deemed a waiver in whole or in part of a party's right to claim confidentiality or to

make that designation either as to specific information disclosed in the document or deposition testimony or as to any other information relating thereto or on the same or related subject matter. The party to whom such inadvertent disclosure is made shall, upon written request by the PRODUCING PARTY, treat such material as CONFIDENTIAL INFORMATION in accordance with this PROTECTIVE ORDER, provided such request includes a representation that the failure to designate the material or information confidential was inadvertent, and provided such request is made within a reasonable time after production or other opportunity for designation and at all events within ten (10) days after discovery of the inadvertent failure to designate the document or information CONFIDENTIAL. Upon receipt of such written notice, the party who received the previously undesignated CONFIDENTIAL INFORMATION shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this PROTECTIVE ORDER; (2) affix appropriate legends to the CONFIDENTIAL INFORMATION as provided herein; and (3) prevent further use or disclosure of the information contained in the previously undesignated CONFIDENTIAL INFORMATION by or to persons other than those so authorized herein.

## MAINTENANCE OF CONFIDENTIAL INFORMATION

17. All persons who receive CONFIDENTIAL INFORMATION in accordance with the terms of this PROTECTIVE ORDER shall maintain the same, at all times, in secure facilities with reasonable precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this PROTECTIVE ORDER. It is stipulated that the offices of counsel for both parties constitute suitable secure facilities.

18. Within 45 calendar days after the conclusion of this CIVIL ACTION in its entirety, including all appeals, all parties or persons having received CONFIDENTIAL INFORMATION shall dispose of all designated materials either by destruction or by returning such materials to counsel of record for the PRODUCING PARTY. Further, at the request of any party, and again upon final determination of this action (including appeals), the Clerk of Court shall return any item filed under seal to the filing party.

19. In the event of disclosure of any CONFIDENTIAL INFORMATION to a person not authorized for access to such material in accordance with the provisions hereof, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the PRODUCING PARTY whose CONFIDENTIAL INFORMATION has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible also promptly shall take all reasonable measures to ensure that no further or greater unauthorized disclosure or use of the CONFIDENTIAL INFORMATION is made. Each party shall cooperate in good faith in that effort.

**LIMITS AND DURATION OF THIS PROTECTIVE ORDER**

20. Entering into, agreeing to, or otherwise complying with the terms of this PROTECTIVE ORDER, including producing or receiving CONFIDENTIAL INFORMATION, shall not:

a. prevent the parties to this PROTECTIVE ORDER from agreeing to alter or waive the provisions or protections provided for herein with respect to any CONFIDENTIAL INFORMATION.

b. prejudice in any way the rights of a party to object to any discovery request seeking production of material it considers not subject to discovery;

c. prejudice in any way the rights of a party to seek a determination by the Court that any requested discovery be made; or

d. prejudice in any way the rights of a party to apply to the Court for further protective orders or modifications of this PROTECTIVE ORDER.

21. This PROTECTIVE ORDER shall govern the parties actions and will survive the termination of this CIVIL ACTION.

The foregoing is agreed and stipulated to by the parties, through their counsel, as indicated below.

AGREED:

Dated: March 27, 2001.

DORSEY & WHITNEY LLP

By Brian E. Palmer

John C. Thomas (#109071)
Brian E. Palmer (#83653)
S. Steven Prince (#0287696)
Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

Attorneys for Plaintiff Miller & Schroeder Investment Corporation

Dated: March 27, 2001.

KELLY & BERENS, P.A.

By ______________________
Richard A. Kaplan (#64877)
Daniel C. Bryden (#0302284)
3720 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 349-6171

Attorneys for Defendant President R.C. - St. Regis Management Company

It is so ORDERED this 3d day of April, 2001.

______________________
Franklin L. Noel
Chief Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Miller & Schroeder Investment Corporation, a Minnesota Corporation,<br><br>Plaintiff,<br><br>v.<br><br>President R.C. – St. Regis Management Company, a New York General Partnership, and St. Regis Mohawk Tribe,<br><br>Defendants. | Court File No. 00-CV-2244 (DSD/FLN) |

---

**DECLARATION OF INTENT TO COMPLY WITH PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND INFORMATION**

This is to certify that I have read and understand the attached PROTECTIVE ORDER.

As a condition of my review or examination of certain materials marked or otherwise designated as CONFIDENTIAL INFORMATION and INFORMATION, I hereby agree under penalty of perjury to comply with the provisions of the PROTECTIVE ORDER and, specifically not to disclose or use any CONFIDENTIAL INFORMATION and INFORMATION except as authorized therein. I understand that failure to abide fully by the terms of the PROTECTIVE ORDER may result in legal action against me personally, including being held in contempt of court and liability for monetary damages.

____________________________ ____________________________
occupation - job title name

____________________________ ____________________________
home address employer

____________________________
employer address

____________________________

____________________________
work telephone number

CHECK ONE _______ Independent Expert or Consultant

_______ Other (Explain: _________________)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.